TEACHERS INSURANCE AND ANNUI-
TY ASSOCIATION and College
Retirement Equities Fund, Plaintiffs,

v.

Christine GREEN, Defendant.

No. 85 Civ. 3564 (DNE).

United States District Court,
S.D. New York.

June 10, 1986.

Stanley S. Arkin, P.C., New York City (Alfred Ferrer, III, of counsel), for plaintiffs.

Hall, Dickler, Lawler, Kent & Friedman, New York City (Jeffrey M. Tamarin, of counsel), for defendant.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiffs Teachers Insurance and Annuity Association and College Retirement Equities Fund brought this action for complete and immediate restitution of unpaid monies defendant Christine Green embezzled as an employee of plaintiffs. She has acknowledged liability. Plaintiffs complaint includes claims for conversion, fraud, and breach of fiduciary duty. Plaintiffs also seek consequential damages resulting from defendant's conduct.

Plaintiffs moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment. The motion for summary judgment is granted in part and denied in part.

## BACKGROUND

Plaintiffs Teachers Insurance and Annuity Association ("TIAA") and College Retirement Equities Fund ("CREF") are companion non-profit New York corporations which sell retirement annuities to teachers and other employees of non-profit colleges, universities and educational institutions throughout the country. In the normal course of business, the teachers and others

who purchase TIAA and CREF annuities surrender them to plaintiffs for cash. Defendant Christine Green ("Green") was an employee of TIAA from April 25, 1983 to April 28, 1984. In the course of her employment with TIAA, defendant Green was required to perform services for CREF. The complaint in this action alleges that on four separate occasions while employed by TIAA, defendant Green forged the endorsement on TIAA and CREF annuities, thus causing the surrender of the annuity for cash, payable to herself, without the knowledge or permission of TIAA, CREF, or the true holders of the annuity.

On September 13, 1984, Green pled guilty to a one-count information in *United States v. Green,* 84 Cr. 672 (LBS). The information charged that she had obtained and received the cash surrender value of two checks from plaintiff TIAA totalling $20,-484.91 and two checks from plaintiff CREF totalling $21,337.37, in violation of 18 U.S.C. § 1341, the mail fraud statute.

On October 29, 1984, Green was sentenced by Judge Leonard B. Sand and placed on probation. The conditions of probation required that Green a) immediately restore $17,000.00 then in her possession to the victims, and make such other restitution pursuant to a payment schedule arranged through the Probation Department as necessary to restore all embezzled funds; b) continue in a program of psychotherapy; and c) perform 300 hours of community service during the course of her probation. Defendant Green has complied with each and every condition of her probation. In particular she immediately returned the $17,000.00 then in her possession, and has made every payment required by the authorized schedule of payments.

Plaintiffs seek judgment for the unpaid portion of the embezzled funds, as well as consequential damages of $4,706.45. This figure represents costs incurred by the plaintiffs for outside investigative services, outside legal services and mailings to annuity holders to confirm the loss of funds. Plaintiffs claim these expenses were caused by defendant's conduct.

## DISCUSSION

In asserting Green's liability for immediate restitution of monies yet unpaid to them, plaintiffs contend that Green's guilty plea to the information charging mail fraud precludes her from denying liability for the monies embezzled. These are the funds involved in this civil action.

Green admits liability for the monies embezzled as charged in the criminal matter.[1] Green, however, contends that under the theory of collateral estoppel the restitution order in the criminal matter bars plaintiffs from bringing a civil suit for the same monies. Under the doctrine of collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits involving a party to the prior litigation." *See Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Defendant claims that Judge Sand's order requiring full restitution pursuant to a payment schedule precludes a civil judgment to recover those same monies.

Defendant Green also contends that the criminal restitution statute does not permit a civil judgment for restitution where a court has already ordered full restitution. The statute provides that:

1. The Supreme Court has long held that general principles of collateral estoppel apply to the judgments of criminal courts as well as to civil judgments *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568, 71 S.Ct. 408, 413, 95 L.Ed. 534 (1951); *Frank v. Mangum,* 237 U.S. 309, 334, 35 S.Ct. 582, 589, 59 L.Ed. 969 (1915). It has also held that a guilty plea constitutes an admission of the elements of the charges. *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969); *United States v. Podell,* 572 F.2d 31, 36 (2d Cir.1978). Further, the restitution statute provides that "conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegation of that offense in any subsequent Federal civil proceeding or State civil proceeding ... brought by the victim." 18 U.S.C § 3580(e). Defendant Green, in her own words conceded the issues leading to the entry of a guilty plea in the former criminal action. She is thus estopped from denying liability for damages arising from those very issues in this civil action.

Any amount paid to a victim under an order of restitution shall be set off against any amount later recovered as compensatory damages by such victim in ... any federal proceeding.

18 U.S.C. § 3579(e)(2)(A).

In addition, defendant asserts that the statute limits the injured party to bringing an action for enforcement of the restitution order. Defendant relies on a provision of the statute which provides that "[a]n order of restitution may be enforced ... by the victim named in the order to receive the restitution in the same manner as a judgment in a civil action." 18 U.S.C. § 3579(h).

▪ Defendant's contentions, however, are ill founded. Under the theory of collateral estoppel one is indeed barred from bringing duplicative actions for the same claim. Plaintiffs, however, are not asserting the same claim. Plaintiffs ask not for the judgment rendered in the former criminal matter, which provides for the payment of monies over time, but for immediate judgment for the full amount that remains unpaid. Plaintiffs validly claim that the $100.00 per month payment schedule is not equivalent in present value terms to a present judgment for the remaining balance. It is well settled that money is worth more in the present than in the future. *Jones and Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 546, 103 S.Ct. 2541, 2555, 76 L.Ed.2d 768 (1983). To hold that plaintiffs could not obtain a judgment on the remaining balance would deny to them what is rightfully theirs—full recovery for their loss. Future payments that do not fully compensate a victim in present value terms cannot be a bar to a civil judgment.

▪ Furthermore, the statute, despite defendant's contentions, recognizes the ability of a crime victim to obtain a civil judgment against the criminal defendant even where restitution has been imposed by the court. Project, *Congress Opens a Pandora's Box—The Restitution Provisions of the Victim and Witness Protection Act of 1982*, 52 Fordham L.Rev. 507, 539 n. 187 (1984) [hereinafter cited as *Restitution Provisions*]; *see* 18 U.S.C. § 3580(e). While the statute provides for a set-off of any amounts the defendant has already *paid*, it does not bar the victim of a crime from obtaining a civil judgment for the amounts yet unpaid. 18 U.S.C. § 3579(e)(2)(A). Despite defendant's partial restitution so far, plaintiffs are still owed $23,000.00. Thus, the statute permits a crime victim to obtain a civil judgment for the unpaid sums still owing from the person who committed the crime.

▪ Moreover, section 3579(h), which provides for enforcement of a previous order of restitution, is not a bar to obtaining a civil judgment against a convicted criminal. It is merely a mechanism to allow the victim to obtain the amount ordered as restitution. *See United States v. Satterfield*, 743 F.2d 827, 838–39 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985); *see also Restitution Provisions, supra,* 52 Fordham L.Rev. at 538–39. Plaintiffs are thus entitled to summary judgment for the unpaid amount defendant concedes she embezzled.

▪ Plaintiffs contention of entitlement to summary judgment on the issue of consequential damages cannot be accepted. It is well settled that consequential damages for an action in tort are recoverable where they are proximately caused by the tortious conduct or where there is a "causal nexus with a good deal of certainty" between the defendant's conduct and the damages, *Zeller v. Bogue*, 476 F.2d 795, 803 (2d Cir. 1973) (consequential damages recovered in fraud). Plaintiffs' contention, however, that the cost of its outside investigative services, the mailings to annuity holders to confirm the loss of funds, and outside legal services "flowed directly from defendant's conduct" is not appropriate for determination as part of a motion for summary judgment. Rather, this is a question to be resolved by the trier of fact.

## CONCLUSION

Plaintiffs motion for summary judgment with regard to compensatory damages is granted. The motion is denied on the issue of consequential damages.

SO ORDERED.