AMERICAN EXPRESS TRAVEL RE-
LATED SERVICES COMPANY,
INCORPORATED, Plaintiff,

v.

Robert Conrad LOMINAC, Sr., and
Duane Douglas Lominac,
Defendants.

No. 2:94cv778.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 7, 1994.

Donna J. Hall, Mays & Valentine, Daniel K. Brady, Williams, Kelly & Greer, Norfolk, VA; and Alane A. Becket, Malvern, PA, for plaintiff.

Robert Conrad Lominac, Sr., pro se.

Duane D. Lominac, pro se.

### *MEMORANDUM ORDER*

CLARKE, District Judge.

### I. RELEVANT FACTS AND PROCE-DURAL HISTORY:

Robert Conrad Lominac, Sr. and Duane Douglas Lominac (the "Defendants" or the "Lominacs") executed a scheme to defraud American Express Travel Related Services Company, Inc. (the "Plaintiff" or "American

Express") by applying for credit cards under fictitious names. Once obtained, the credit cards were used to acquire approximately $166,000 in cash, merchandise and services.

In 1989 both Defendants signed a plea agreement admitting their guilt in the scheme: Robert Conrad Lominac, Sr. ("Robert Lominac") pled guilty to Conspiracy to Defraud in violation of 18 U.S.C.A. § 371 (West 1966), Mail Fraud in violation of 18 U.S.C.A. § 1341 (West Supp.1994) and Access Device Fraud in violation of 18 U.S.C.A. § 1029(a)(2), (c) (West Supp.1994); Duane Douglas Lominac ("Duane Lominac") pled guilty to Conspiracy to Defraud in violation of 18 U.S.C.A. § 371 and Access Device Fraud in violation of 18 U.S.C.A. § 1029(a)(2), (c).

Robert Lominac was sentenced to fifty-one months on each offense, to run concurrently, followed by three years of supervised release. Furthermore, he was ordered to pay restitution in the amount of $68,720.26. Duane Lominac was sentenced to forty-one months on each offense, to run concurrently, followed by three years of supervised release. Duane Lominac was also ordered to pay restitution in the amount of $68,720.26.[1]

American Express was a victim of the Lominacs' criminal activity, and the party to which restitution was owed under the criminal judgment. In August of 1994, American Express filed a complaint against the Defendants seeking a civil judgment in the amount of the restitution order.[2] The Defendants responded with, among other things, the instant motion to dismiss.

## II. DISCUSSION:

■ The Defendants have submitted a document entitled "Motion for Dismissal." The Court construes this submission as a

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Under the provisions of 12(b), the only possible ground for dismissal of this action is for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

■ In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiff, American Express, and its allegations are taken as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim which would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bruce v. Riddle,* 631 F.2d 272, 273–74 (4th Cir.1980). A court should not dismiss a complaint even if it appears on the face of the pleadings that the chance of recovery is very remote. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686.

In the instant case, a motion to dismiss is inappropriate: Plaintiff's chance of recovering a judgment, far from being "very remote," instead seems quite likely. This forecast is premised on the following provisions of the United States Code:[3]

(h) An order of restitution may be enforced—

(2) by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action,

18 U.S.C.A. § 3663(h)(2) (West Supp.1994), and

(e) A conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent

---

1. The restitution payments are administered by the Probation Office during the term of supervised release.

2. In March of 1994 the Defendants were found in violation of the conditions of their supervised release; although each man was employed, neither one met his restitution payment schedule. Accordingly, this Court modified the conditions of supervised release for each defendant. That modification, which required confinement in a half-way house for each Defendant, was affirmed

by the Fourth Circuit. *United States v. Robert Conrad Lominac, Sr.,* 36 F.3d 1095 (4th Cir.1994) (unpublished consolidated decision).

3. Effective November 1, 1986, the Comprehensive Crime Control Act of 1984 re-codified United States Code §§ 3579 and 3580 of Title 18 into §§ 3663 and 3664 respectively. The current provisions are identical to the former provisions in all relevant respects.

Federal civil proceeding ... brought by the victim.

18 U.S.C.A. § 3664 (West 1985).

American Express, as a designated recipient of this Court's restitution award, complains that the Defendants are subject to parallel liability in the civil sphere for the restitution amounts. Given the above cited code provisions, we find that the Plaintiff's complaint establishes a valid claim for relief.[4]

As argument in support of their motion, Defendants urge that dismissal should be granted because it would be "fundamentally unfair ... to convert a criminal restitution judgment to a civil judgment before the defendants have exhausted all of the judicial remedies that are in effect until the criminal sentence has expired."[5] Defendants then point to 28 U.S.C.A. § 2241, 28 U.S.C.A. § 2255, and Federal Rule of Civil Procedure 35(a–b)[6] as evidence that, in theory, the balance of their terms on supervised release could still be open to collateral attack.

However, even assuming *arguendo* that collateral attack were available to the defendants, American Express still has the immediate right to institute a civil suit. This conclusion is derived from the clear and plain language of § 3663(h)(2): An order of restitution may be enforced ... by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action. Furthermore, while the statute authorizing restitution provides for a set-off of any amounts the defendant has already paid, it does not in any way prevent the victim from obtaining a civil judgment for the

amounts yet unpaid. *See* 18 U.S.C.A. § 3663(e)(2)(A).

The case law on this point is similarly unambiguous. *See United States v. Bruchey*, 810 F.2d 456, 461 (4th Cir.1987) (*citing Teachers Ins. & Annuity Assoc. v. Green*, 636 F.Supp. 415, 418 (S.D.N.Y.1986)). In *Bruchey*, the Court observed that: "If the restitutionary order fails to satisfy the victim, he can seek a civil judgment when the court's jurisdiction ends or *even while the restitutionary order is in effect.*" *Bruchey*, 810 F.2d at 461; *Green* 636 F.Supp. at 418.[7]

## III. CONCLUSION:

For the foregoing reasons, the Defendants Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

---

4. Plaintiff's complaint is otherwise in conformity with the requirements of Federal Rule of Civil Procedure 8(a), (e).

5. Defendants maintain that their argument is rooted in the Fourteenth Amendment to the United States Constitution. However, this Court can ascertain no state action to implicate the Fourteenth Amendment. We interpret Defendants' claim as based in the Due Process Clause of the Fifth Amendment. We also note that Defendants submit no case law to establish this proposition.

6. Rule 35 is unavailable to the Defendants. Rule 35(a) is plain and without ambiguity: it authorizes the district courts to correct a sentence only upon remand from the courts of appeal. The Defendants' appeal to the Fourth Circuit was unsuccessful. Therefore, by the explicit terms of the rule, Defendants are without a 35(a) remedy.

See also *United States v. Deygoo*, No. 92–6933, 1992 WL 312238, at * 1, 1992 U.S.App. LEXIS 28146, at *1–2 (4th Cir. October 27, 1992) (Unpublished Disposition); *United States v. Cook*, 890 F.2d 672 (4th Cir.1989). Rule 35(b) is available only upon motion of the government for post-sentence assistance within one year of sentencing. Not only has the one year limit expired, but also Defendants have rendered no assistance to the government.

7. In addition to the statutory basis for their holding, the *Green* court further noted that, because of the present value of money, future payments (which by definition do not fully compensate a victim) cannot be a bar to a civil judgment. *Green*, 636 F.Supp. at 418.