UNITED STATES COURT OF APPEALS
**Filed 9/23/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EDMUND DEE WASH,

    Defendant-Appellant.

No. 95-4156
(D.C. No. 92-CR-158)
(D. Utah)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The issue presented by this direct appeal[1] is whether the district court violated the ex post facto clause of the United States Constitution by sentencing defendant, pursuant to 18 U.S.C. § 3583(h) and following the revocation of his original term of supervised release, to both a term of imprisonment and an additional term of supervised release. Reviewing the district court's decision de novo, see United States v. Cabrera-Sosa, 81 F.3d 998, 1001 (10th Cir. 1996), petition for cert. filed, (U.S. July 16, 1996)(No. 96-5205), we conclude that the district court's application of § 3583(h) did not violate the constitutional prohibition against ex post facto laws and we, therefore, affirm.

In July 1992, defendant pled guilty to involuntary manslaughter as a result of the March 1992 death of Joellyn Bad Hawk. Defendant received a sentence of thirty-six months' imprisonment and one year of supervised release. In July 1995, the district court revoked defendant's term of supervised release, after finding that defendant had violated the conditions of that release. The court, pursuant to § 3583(h), which did not become effective until September 1994, sentenced

---

[1] The government urges a remand of this case to allow the district court to specify whether that court was acting pursuant to Fed. R. Crim. P. 35(c) or 28 U.S.C. § 2255. However, because the notice of appeal clearly designates that defendant is appealing his sentence and because defendant filed his notice of appeal in a timely manner from the entry of judgment on that sentence, we will treat this as a direct appeal. See generally United States v. Robinson, 62 F.3d 1282, 1283 (10th Cir. 1995)(addressing on direct appeal sentence imposed following revocation of supervised release).

defendant to both a term of imprisonment and an additional term of supervised release.

The ex post facto clause prohibits legislation that inflicts a greater punishment than that available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 41-42 (1990)(citing Calder v. Bull, 3 U.S. 386, 390 (1798)). "[C]entral to the ex post facto prohibition is a concern for 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" Miller v. Florida, 482 U.S. 423, 430 (1987)(quoting Weaver v. Graham, 450 U.S. 24, 30 (1981)). "To fall within the ex post facto prohibition . . . the law [first] 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.'" Id. (quoting Weaver, 450 U.S. at 29). "A law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" Id. (quoting Weaver, 450 U.S. at 31).

Section 3583(h), enacted subsequent to the conduct underlying defendant's involuntary manslaughter conviction, expressly authorizes, in specific instances following the revocation of a term of supervised release, the imposition of both a term of imprisonment and an additional term of supervised release. The law in this circuit at the time defendant committed his offense, however, also permitted the imposition of terms of both imprisonment and supervised release upon

-3-

revocation of a term of supervised release. 18 U.S.C. § 3583(e); United States v. Boling, 947 F.2d 1461, 1463 (10th Cir. 1991)(interpreting § 3583(e) to permit imposition of both terms of imprisonment and supervised release), overruled by United States v. Rockwell, 984 F.2d 1112 (10th Cir.), cert. denied, 508 U.S. 966 (1993). Because § 3583(h), therefore, did not increase the punishment available for the revocation of supervised release at the time defendant committed his offense, the application of that subsection to defendant does not violate the ex post facto clause.

This court's decision in Rockwell, 984 F.2d 1112, does not change this result. In Rockwell, decided after defendant's offense, conviction, and sentence, this court overruled Boling and joined the majority of circuits interpreting § 3583(e) to allow a district court, upon revocation of supervised release, either to impose a term of imprisonment or to extend the defendant's supervised release, but not both. Id. at 1117. Nonetheless, the existence of Boling gave defendant fair notice at the time of his offense that he would be subject to both a term of imprisonment and an additional term of supervised release should his original term of supervised release be revoked. See Dobbert v. Florida, 432 U.S. 282, 297-98 (1977)(existence of Florida's death penalty scheme, in effect at time defendant committed murders, was operative fact warning defendant that he would be subject to death penalty should he be convicted of capital murder,

-4-

regardless of subsequent decision overturning death penalty scheme as unconstitutional and application of newly enactment death penalty statute to defendant); see also Miller, 482 U.S. at 431 (in Dobbert, ex post facto concerns were satisfied because statute on books at time defendant committed crimes warned him of specific punishment prescribed for first degree murder).

The parties do agree, however, that the district court erred in imposing, upon revocation of the original term of supervised release, a ten-month term of imprisonment followed by a one-year term of additional supervised release. See 18 U.S.C. § 3583(h)("The length of such a term of supervised release [imposed upon revocation of a previous supervised release term] shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."). Defendant asserts, and the government concedes, that the district court in this case had authority only to sentence defendant to a two-month term of supervised release. We, therefore, remand this case to the district court for resentencing.

The judgment of the United States District Court for the District of Utah is, therefore, AFFIRMED in part, and this cause is REMANDED to the district court for vacatur of defendant's sentence and for further proceedings consistent with this order and judgment.

Entered for the Court


James E. Barrett
Senior Circuit Judge