97 F.3d 1465
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Appellee,
v.
Gustavo MARTINEZ-REYNA, Defendant-Appellant.
 No. 94-4184.
 D.C. No. 94-CR-7J.
 United States Court of Appeals, Tenth Circuit.
 Sept. 25, 1996.
 
 Before TACHA, BALDOCK, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, J.
 
 
 1
 Defendant Gustavo Martinez-Reyna and a co-defendant were charged by an indictment with various drug-related offenses. Defendant moved to suppress evidence seized from a search of his car along a Utah highway. After the district court denied the motion to suppress, Defendant pleaded guilty to one count of knowing and intentional possession with the intent to distribute in excess of one kilogram of a mixture or substance containing a detectable amount of methamphetamine. 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A). Defendant expressly reserved the right to appeal the district court's ruling on the motion to suppress. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 In reviewing the denial of a motion to suppress, we accept the factual findings of the district court unless they are clearly erroneous. United States v. Botero-Ospina, 71 F.3d 783, 785 (10th Cir.1995) (en banc). The ultimate determination of reasonableness under the Fourth Amendment, in contrast, is a question of law, which we review de novo. Id.
 
 
 3
 We have reviewed the record and the parties' briefs. We hold that the initial stop of the car was proper because it was speeding. The further detention of Defendant and the passenger was justified by officer Swain's detection of a marijuana-like or chemical smell, which he thought was used to mask the odor of drugs. The ultimate search of the car, including the trunk, was justified by officer Swain's discovery of drug paraphernalia on the person of the passenger and the drug detection dog's alerting for drugs in both the back seat and the trunk of the car. We affirm substantially for the reasons set forth in the district court's thorough and well-reasoned supplemental findings of fact regarding probable cause entered on February 14, 1996.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of the law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3