

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-1997

# United States v. Dozier

Precedential or Non-Precedential:

Docket 96-5785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Dozier" (1997). *1997 Decisions.* Paper 162.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/162

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 18, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 96-5785

UNITED STATES OF AMERICA

v.

KEITH DOZIER, also known as Pete,
also known as Keith Bashir

Keith Dozier
Appellant

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Crim. Action No. 92-cr-00054-01)

Argued: June 17, 1997

BEFORE: STAPLETON, LEWIS and ALDISERT,
Circuit Judges

(Opinion Filed July 18, 1997)

Faith S. Hochberg
United States Attorney
Kevin McNulty
Allan Tananbaum (Argued)
Assistant U.S. Attorneys
970 Broad Street
Room 502
Newark, NJ 07102
 Attorneys for Appellee

Patrick A. Mullin (Argued)
Court Plaza North
25 Main Street, Suite 200
Hackensack, NJ 07601
 Attorney for Appellant

**OPINION OF THE COURT**

STAPLETON, <u>Circuit Judge</u>:

In this case we must determine whether the Ex Post Facto Clause of the United States Constitution is violated when, upon revocation of supervised release, a defendant is sentenced to a new term of supervised release, even though such a new term was not authorized at the time the defendant committed his underlying criminal offense. We conclude that retroactive application of 18 U.S.C. § 3583(h), which authorizes imposition of supervised release following revocation of a prior term of supervised release, increases the potential punishment for violations of supervised release and, therefore, violates the constitutional prohibition on ex post facto legislation. We will vacate the defendant's sentence and remand to the district court for resentencing.

I.

Appellant Keith Dozier was convicted in 1992 of the class D felony of conspiracy to transport stolen motor vehicles across state lines. <u>See</u> 18 U.S.C. § 371; <u>id.</u> at § 2313. In June 1992, he was sentenced to 34 months in prison to be followed by 36 months of supervised release--the maximum term of supervised release that could be imposed on a defendant convicted of a class C or D felony. 18 U.S.C. § 3583(b)(2). Dozier completed his period of imprisonment in October 1994 and then began his 36 months of supervised release.

In September 1996, Dozier pled guilty to various violations of his conditions of supervised release. His supervised release was revoked in November 1996 and he was sentenced again. Given Dozier's criminal history

2

category of IV, and the fact that his supervised release violations were grade C, the Sentencing Guidelines recommended a sentence of six to twelve months of imprisonment. See U.S.S.G. 7B1.4. The district court sentenced Dozier to six months of prison to be followed by a new, 24-month term of supervised release. Together, the total length of sentence imposed upon revocation of Dozier's supervised release was 30 months.

The district court sentenced Dozier pursuant to 18 U.S.C. § 3583(h), which expressly permits the imposition of a new term of supervised release upon revocation of an earlier term of supervised release. However, § 3583(h) was not enacted until September 13, 1994, more than two years after Dozier committed his original offense of conviction. Although Dozier did not argue before the district court that application of § 3583(h) violated the Ex Post Facto Clause, he brought this timely appeal to press that argument in this court. We may only vacate Dozier's sentence if we find that the district court committed plain error. See Fed. R. Crim. P. 52(b).1

II.

The Ex Post Facto Clause of the Constitution states that "no ex post facto Law shall be passed." Art. I, § 9, cl. 3. "Two conditions must be satisfied before a law can be deemed to transgress the ex post facto prohibition. First, the law `must be retrospective, that is, it must apply to events occurring before its enactment.' Second, the change in the law must `alter[ ] the definition of criminal conduct or increase[ ] the penalty by which a crime is punishable.' " United States v. Brady, 88 F.3d 225, 228 (3d Cir. 1996), cert. denied, 117 S. Ct. 773 (1997) (citations omitted); see also California Dept. of Corrections v. Morales, 115 S. Ct. 1597 (1995).

The government concedes that the retrospective

_____

1. The district court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal from the imposition of a sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

requirement is met here, and we see no reason to reject this concession. A sentence imposed upon revocation of supervised release is most properly viewed as a consequence of the original criminal conviction. See United States v. Beals, 87 F.3d 854, 859-60 (7th Cir. 1996) (concluding that sentence imposed for violation of supervised release must be considered punishment for original crime because conduct violating supervised release need not itself be criminal to be punished, and because these violations need only be proven by preponderance of evidence); United States v. Woodrup, 86 F.3d 359, 361 (4th Cir.), cert. denied, 117 S. Ct. 332 (1996) (reaching same conclusion); United States v. Soto-Olivas, 44 F.3d 788, 791 (9th Cir. 1995) (same); United States v. Meeks, 25 F.3d 1117, 1123 (2d Cir. 1994) (same); Commentary, U.S.S.G. Ch. 7, Pt. A, para. 3(b) (describing violation of supervised release as "breach of trust" in connection with original sentence); but see United States v. Reese, 71 F.3d 582, 587-90 (6th Cir. 1995), cert. denied, 116 S. Ct. 2529 (1996) (concluding that because defendants have notice of potential penalties for violations of supervised release at time they commit these violations, such penalties are for those violations and not for underlying criminal offense). Therefore, to sentence Dozier under § 3583(h) is to retrospectively apply a law passed in 1994 to criminal conduct that occurred in 1992.

The issue we will focus our attention on is whether the concededly retrospective application of § 3583(h) increases the penalty to which Dozier is subject for revocation of his supervised release. We must compare the penalty Dozier could have received prior to passage of § 3583(h) with the penalty he could have received after its passage. If under § 3583(h) Dozier may potentially be given a sentence constituting an increased penalty over the maximum he could have received prior to § 3583(h), then application of that statute to him constituted an ex post facto violation. See Miller v. Florida, 482 U.S. 423, 432 (1987) (rejecting contention that there is no ex post facto violation when defendant cannot definitively show that he would have received lesser sentence under old statute); Lindsey v. Washington, 301 U.S. 397, 401 (1937) ("[A]n increase in the possible penalty is ex post facto, regardless of the length of

4

the sentence actually imposed, [when] the measure of punishment prescribed by the later statute is more severe than that of the earlier . . . .") (citations omitted).

When Dozier committed his offense of conviction in 1992, the sentencing court's sentencing options upon revocation of a term of supervised release were limited to those specified in 18 U.S.C. § 3583(e). Section § 3583(e)(3) provided, in relevant part, that the court could "require the person to serve in prison all or part of the term of supervised release without credit for the time previously served on postrelease supervision . . . except that a person whose term is revoked under this paragraph may not be required to serve . . . more than 2 years in prison if the offense was a class C or D felony." We have concluded that § 3583(e) did not permit imposition of a new term of supervised release as part of a sentence imposed upon revocation of the initial term of supervised release. See United States v. Malesic, 18 F.3d 205 (3d Cir. 1994). Hence, had Dozier's supervised release been revoked prior to the passage of § 3583(h), the district court could only have sentenced him to prison, for any period up to and including 24 months. No new term of supervised release could have been imposed.

Section 3583(h) was enacted in September 1994. It provides:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h).

Under § 3583(h), the sentencing court has far greater sentencing flexibility than it had under § 3583(e) alone. As

5

before, the court may still sentence someone whose criminal offense was a class D felony to any period of imprisonment up to and including 24 months, as provided under § 3583(e). In addition, if the court sentences such a defendant to less than 24 months imprisonment, then the court may also impose a new term of supervised release to follow that imprisonment. Together, the length of the imprisonment and the new supervised release can extend to a total of 36 months, i.e. the maximum term of supervised release authorized under § 3583(b)(2) for a class D felony.

Sentencing Dozier pursuant to § 3583(h) and not just pursuant to § 3583(e) affected the sentence to which he was subject in at least two important respects. First, it allowed imposition of a new term of supervised release, whereas prior to § 3583(h) Dozier would have been free of all supervision following any incarceration the court might impose. Second, it allowed the court to impose a "total package" of penalties stretching to 36 months--the maximum period of supervised release authorized under § 3583(b)(2)--rather than only 24 months--the maximum period of incarceration authorized under § 3583(e)(3). Here, for example, the district court sentenced Dozier to six months in prison followed by 24 months of supervised release for a total package of 30 months, while without § 3583(h) it could have only penalized Dozier for 24 months.[2]

These effects of § 3583(h) "increase the penalty" to which Dozier is subject. Supervised release is punishment; it is a deprivation of some portion of one's liberty imposed as a punitive measure for a bad act. A defendant on supervised release is subject to various terms and conditions which restrict his freedom and which make him vulnerable to further punishment should he violate them. Such

---

2. Dozier argues that § 3583(h) increases the punishment to which he is subject in a third respect as well: the new term of supervised release gives rise to the possibility of a second revocation of supervised release, for which Dozier could again be sentenced to some combination of imprisonment and yet another term of supervised release. Because we conclude that the second term of supervised release and the potential for a lengthier "total package" are alone enough to increase the penalty to which Dozier was exposed, we need not pass judgment on this additional contention.

6

subsequent punishment may again include more imprisonment and more supervised release. The length of the "total package," therefore, is the length of time the defendant suffers either a total or substantial deprivation of his liberty. It is the measure of the period to which he is subject to government supervision. Increasing that length from a maximum of 24 months to a maximum of 36 months clearly increases the penalty authorized upon revocation of supervised release.

The government insists that we must balance against these detriments to Dozier the fact that the court must sentence Dozier to less than the maximum period of incarceration if it wishes to impose a new term of supervised release. Because incarceration is a more severe punishment than supervised release, the government continues, the greater likelihood of receiving less than the maximum authorized period of imprisonment is the most important effect of § 3583(h), and that effect alone demonstrates that § 3583(h) will frequently not hurt defendants in Dozier's position.

This reasoning, however, cannot justify retrospective application of § 3583(h) to Dozier. Contrary to the government's suggestion, there has been no reduction in the maximum prison term to which Dozier is exposed. He could be sentenced to 24 months imprisonment following passage of § 3583(h), just as he could have been prior to its passage. Retrospective application of § 3583(h) violates the ex post facto prohibition if there is the potential that such application may even once result in a harsher sentence than previously authorized. The possibility that post-3583(h) sentences may frequently be less onerous than otherwise is insufficient to redeem the statute. It is true, as the government emphasizes, that if the sentencing court wants to impose a new term of supervised release it must impose less than the 24-month maximum term of imprisonment. But in exchange for sentencing Dozier to just one day less than 24 months of prison the court can impose up to 12 additional months (plus one day) of supervised release. We have no doubt that a sentence of 23 months and 29 days in prison followed by 12 months and a day of supervised release is a greater penalty than 24 months in prison.

7

We also reject the government's contention that we are precluded from finding an ex post facto violation here by virtue of our decision in Brady, 88 F.3d at 225. Although Brady upheld § 3583(h) against an ex post facto challenge, that case only considered a situation where the underlying criminal conduct was a class A felony. The same analysis we employed in Brady compels the conclusion that there is an ex post facto violation here.

For a class A felony, as was involved in Brady, § 3583(b)(1) authorizes imposition of a term of supervised release of up to five years. Upon revocation of supervised release, § 3583(e)(3) authorizes imposition of a period of imprisonment of up to five years. Thus, for a class A felony, the (b)(1) cap on supervised release is no greater than the (e)(3) cap on imprisonment. Since both caps are five years, § 3583(h)'s predicating the length of the total package of revocation sentence on the (b)(1) cap on supervised release rather than on the (e)(3) cap on imprisonment makes no practical difference.3 Application of § 3583(h) to Brady meant that he could be sentenced to any combination of prison and supervised release up to a total package of five years, but this was no more severe a penalty than the five years of imprisonment to which he was subject prior to § 3583(h).

The statutory structure is quite different for class B, C, and D felonies, and so our conclusion with respect to these classes of felonies must differ as well. For class B, C, and D felonies, there is a discrepancy between the amount of supervised release authorized and the amount of incarceration that can be imposed. For class B felonies, § 3583(b)(1) authorizes up to five years of supervised release, but § 3583(e)(3) allows only a maximum of three years of prison to follow revocation. Section 3583(b)(2) authorizes up to three years of supervised release for class C and D felonies but § 3583(e)(3) allows only two years of prison upon revocation. Since § 3583(h) ties the length of the total package to the length of supervised release permitted under § 3583(b), and since this length exceeds

---

3. The same is true for class E felonies, where (b)(1) authorizes a year of supervised release and (e)(3) authorizes a year of imprisonment.

8

the length of imprisonment authorized under § 3583(e), application of § 3583(h) allows imposition of a sentence two years longer than before for class B felonies (five years rather than three) and one year longer for class C and D felonies (three years as opposed to two).4  These lengthier periods of restricted liberty authorized under § 3583(h) mean that application of this provision impermissibly increases the punishment for those who commit class B, C, or D felonies. Brady in no way bars us from recognizing this fact.

Finally, the government notes that if we remand for resentencing the district court will be free to impose up to 24 months of imprisonment and speculates that Dozier will be displeased with a lengthier prison sentence even though he will avoid the 24 months of supervised release. However, Dozier's counsel assures us that Dozier is aware of this possibility and that he has chosen to press this appeal, as is his right. As the Seventh Circuit stated in a similar context, even if Dozier's appellate court triumph is but a "pyrrhic victory" which may "come[ ] at a price" to him, "[c]oncern for [Dozier] cannot expand a. . . court's power

_____

4. We are aware that four circuits have found no ex post facto violation in retrospective application of § 3583(h) with regard to any class of felony. See United States v. St. John, 92 F.3d 761 (8th Cir. 1996); see also United States v. Johnson, 114 F.3d 1189 (Table), 1997 WL 327316 (6th Cir. 1997); United States v. Wash, 97 F.3d 1465 (Table), 1996 WL 536563 (10th Cir. 1996); United States v. Sandoval, 69 F.3d 531 (Table), 1995 WL 656488 (1st Cir. 1995), cert. denied, 117 S. Ct. 77 (1996). However, three of these circuits had, prior to § 3583(h), construed § 3583(e) to permit imprisonment and supervised release. See United States v. O'Neil, 11 F.3d 292 (1st Cir. 1993); United States v. Schrader, 973 F.2d 623 (8th Cir. 1992); United States v. Boling, 947 F.2d 1461, 1463 (10th Cir. 1991), overruled by United States v. Rockwell, 984 F.2d 1112 (10th Cir. 1993). Unlike in our circuit, therefore, enactment of § 3583(h) did not alter the potential punishment in these three circuits. The final circuit to find no ex post facto violation treats the sentence imposed upon revocation of supervised release as having an existence entirely independent of the original criminal conduct, and therefore holds that application of a statute passed after the original criminal conduct but before the revocation of supervised release does not implicate the ex post facto prohibition. See United States v. Reese, 71 F.3d 582 (6th Cir. 1995).

under the law." <u>United States v. McGee</u>, 981 F.2d 271, 276 (7th Cir. 1992). On remand, the district court must resentence Dozier consistent with the sentencing authority it possessed at the time Dozier committed his underlying criminal offense.

III.

Since Dozier did not raise an ex post facto objection to his sentence in the district court, we can only vacate his sentence if the ex post facto violation we have found constitutes plain error. <u>See</u> Fed. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). We conclude that it does.

We engage in a four-step analysis to determine whether an error can be corrected on appeal despite not having been raised in the trial court. We ask (1) whether there was an error, (2) that was plain, i.e. "clear" or"obvious," (3) that affected substantial rights, and (4) that calls for the exercise of our discretion to take corrective action because the error creates a miscarriage of justice or seriously affects the fairness, integrity, or public reputation of judicial proceedings. <u>See United States v. Retos</u>, 25 F.3d 1220, 1228-32 (3d Cir. 1994) (deriving four steps from <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993)).

All four conditions are satisfied here. As we have explained, the district court's retrospective application of § 3583(h) to sentence Dozier to a new term of supervised release was error. This error was plain because it is clear that imposing a total sentence of 30 months is a greater penalty than the 24-month maximum authorized prior to enactment of § 3583(h). There is no doubt that this error affects Dozier's substantial right of liberty, since it extends by at least six months the period during which his liberty is restricted and he is subject to governmental supervision. Imposing on the defendant a sentence that the law did not authorize at the time he committed his crime is a miscarriage of justice and seriously affects the fairness and integrity of judicial proceedings. Therefore, we will exercise our discretion and vacate the sentence as plain error.

10

IV.

Retrospective application of § 3583(h) to those who committed class B, C, or D felonies prior to September 14, 1994 increases the punishment that can be imposed on such defendants and is, thus, contrary to the constitutional prohibition on ex post facto legislation. Therefore, we will vacate Dozier's sentence and remand to the district court for resentencing consistent with this opinion.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

11