**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL JEFFREY MORRIS,

Defendant-Appellant.

No. 98-5165
(N. District of Oklahoma)
(D.C. No. 92-CR-60-B)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This court, therefore, honors the parties' requests and orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Michael J. Morris appeals from the district court's imposition of a six-month term of incarceration followed by eighteen months of supervised release following the revocation of Morris's previous term of supervised release. Morris contends that because his previous term of supervised release was imposed in violation of the Ex Post Facto Clause, he cannot be punished for violating the terms of the release. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

This court rejected a claim that is, in all material respects, identical to Morris' claim in *United States v. Wash*, No. 95-4156, 1996 WL 536563, at *1-*2 (10th Cir. Sept. 23, 1996) (unpublished disposition). Morris notes that because *Wash* is an unpublished disposition, it is not binding on this panel. *See* 10th Cir. R. 36.3(A). Even though *Wash* is not binding, however, we find it persuasive and adopt its reasoning to resolve Morris' appeal.

Although *Wash* fully resolves Morris' claim of error, this court notes parenthetically that each circuit that had interpreted 18 U.S.C. § 3583(e) to permit imposition of both a term of imprisonment *and* an additional term of supervised release has since held that the application of 18 U.S.C. § 3583(h) to crimes committed before its passage does not violate the Ex Post Facto Clause. *See United States v. St. John*, 92 F.3d 761, 767 (8th Cir. 1996); *United States v. Sandoval*, No. 95-1326, 1995 WL 656488, at *1 (1st Cir. Nov. 7, 1995)

(unpublished disposition); *see also United States v. Lominac*, 144 F.3d 308, 314 n.7 (4th Cir. 1998) (distinguishing *Wash*, *St. John*, and *Sandoval* on that ground that "[i]n circuits that had previously interpreted § 3583(e) to authorize both imprisonment and supervised release, § 3583(h) did not change prior law and hence could not disadvantage defendants in violation of the Ex Post Facto Clause").

The judgment of the United States District Court for the Northern District of Oklahoma is hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge