**UNITED STATES of America ex rel. KA-NAWHA COAL OPERATORS ASSOCI-ATION, a corporation, Appellee,**

v.

**Bruce MILLER, Appellant.**

**No. 76–1458.**

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1976.

Decided June 2, 1976.

Allan H. Masinter, Charleston, W. Va. (Lewis, Ciccarello, Masinter & Friedberg, Charleston, W. Va., on brief), for appellant.

Forrest H. Roles, Union, W. Va. (David D. Johnson, Roger A. Wolfe, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

Bruce Miller appeals from the district court's denial of his motion to vacate a sentence under 28 U.S.C. § 2255. We treat the § 2255 motion as a motion under F.R. C.P. 35 to correct an illegal sentence.

On August 18, 1975, the Kanawha Coal Operators Association (KCOA) sued the United Mine Workers of America, several local unions and ten individuals, including Bruce Miller, to enjoin them from continuation of a work stoppage affecting members of the KCOA. A temporary restraining order was issued on August 21, 1975. On September 4, 1975, KCOA filed a motion alleging that Miller was in violation of the TRO.

Four days later, after a show cause hearing, Miller was held in "civil contempt," fined $500 payable to KCOA, and, unless he sooner purged himself, sentenced to jail for a period not exceeding 179 days. At the time he was so convicted, as indicated, Miller was given the opportunity to purge himself of contempt by promising that he would not violate the court order, and in general would refrain from urging anyone to cease and desist from working in violation of a court order. At that time, Miller declined to purge himself by making the requisite promises.

On September 11, 1975, the court issued a preliminary injunction which by its own terms expired in 15 days. The following day, Miller made the requisite promises to the court, and thus secured his release from jail. The court recited Miller was purged of contempt, but conditioned Miller's release upon his keeping his previously made promises. The court stated to Miller at the time, "That means you can be freed right now, but if you would again get into conduct like I have found that you did engage in, you can be picked back up and be made to serve the remainder of that time." The order described the remainder of the 179-day sentence as "suspended."

On March 4, 1976, KCOA filed a motion to revoke the suspension of the remainder of Miller's sentence based on Miller's alleged violation of the promises made to the court. On March 11, the district court found Miller to be in violation of the order suspending the sentence, and ordered Miller to serve the remainder of the 179-day sentence (174 days) or until the conclusion of the KCOA case against the UMW, or until further ordered by the court, whichever event first occurred.

Miller's post-judgment motions for relief were denied by the district court.

■ Whatever may have been the type of contempt with which Miller was cited, when the district court did not consider Miller's promises to have purged him from contempt, at least from the balance of the jail sentence, it treated its previous order as a conviction for criminal contempt.

■ Under 18 U.S.C. § 401, a court may punish criminal contempt by fine or imprisonment, but not both. *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500 (1943); *United States v. Temple*, 372 F.2d 795 (4th Cir. 1966). Although this court in *Temple* remanded for resentencing when both a fine and probation were imposed for criminal contempt, such remand is inappropriate in this case as Miller has already paid his fine. The district court was without authority to both fine and imprison Miller for a fixed sentence for violation of its previous order.[1] "Since one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint." *Bradley*, 318 U.S. at 52, 63 S.Ct. at 471. Thus, *Bradley* requires the vacation of the jail sentence, the fine having been paid.

Treating Miller's § 2255 motion as one under F.R.C.P. 35, we remand with directions to vacate that portion of Miller's

---

1. A fine and imprisonment for an indefinite term is permissible, of course, for civil contempt.

sentence which imposes imprisonment. Our mandate will issue forthwith.

The judgment of the district court is accordingly

VACATED IN PART and REMANDED.