UNITED STATES of America,
Plaintiff–Appellee,

v.

Duane Douglas LOMINAC,
Defendant–Appellant.

No. 96–4282.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 1, 1997.

Decided May 11, 1998.

**ARGUED**: Melvin J. Radin, Norfolk, VA, for Appellant. Harvey Lee Bryant, III, Assistant United States Attorney, Norfolk, VA, for Appellee. **ON BRIEF**: Helen F. Fahey, United States Attorney, Norfolk, VA, for Appellee.

Before WIDENER and MICHAEL, Circuit Judges, and THORNBURG, United States District Judge for the Western District of North Carolina, sitting by designation.

Vacated and remanded by published opinion. Judge MICHAEL wrote the opinion, in which Judge THORNBURG joined. Judge WIDENER wrote a separate concurring and dissenting opinion.

## OPINION

MICHAEL, Circuit Judge:

Duane Lominac appeals from a sentence imposed for the violation of conditions of his supervised release. The district court revoked Lominac's supervised release and sentenced him under 18 U.S.C. § 3583(e)(3) and (h) to a six-month term of imprisonment to be followed by a new thirty-month term of supervised release. Lominac contends that this sentence violates the prohibition against ex post facto laws because (1) § 3583(h) was enacted after he committed his original felonies and (2) this new section increases the punishment for his original crimes. Because we agree, we vacate the sentence and remand for resentencing.

I.

Lominac and an accomplice defrauded the American Express Travel Related Services Company out of $166,000 by using credit cards obtained under fictitious names. *See American Express Travel Related Servs. Co. v. Lominac,* 158 F.R.D. 376, 376–77 (E.D.Va. 1994). Lominac pled guilty on July 6, 1989, to two counts of an indictment charging conspiracy to defraud, 18 U.S.C. § 371 (1988), and access device fraud, 18 U.S.C. § 1029(a)(2) (1988).[1] He was sentenced to forty-one months of imprisonment and three years of supervised release for each offense, with the sentences to run concurrently. Lominac served his prison time, and on February 19, 1993, he began the three-year term of supervised release.

On February 14, 1996, less than a week before Lominac would have completed his entire sentence, the district court issued a summons requiring him to appear and show cause why his supervised release should not be revoked. After holding an evidentiary hearing on March 26, 1996, the court found that Lominac had violated the terms of his

---

1. These crimes constitute Class D and C felonies, respectively. *Cf.* 18 U.S.C. §§ 371, 1029(a)(2) & (c)(1) *with* 18 U.S.C. § 3559(a)(3) & (4) (1988) (defining Class C and D felonies).

supervised release in several respects: (1) he submitted false monthly reports to the probation office by understating his income, by failing to note new employment, and by failing to report a change in his living arrangements, (2) he ignored his probation officer's instruction to submit certain W–2 forms, (3) he failed to file a monthly report with the probation office for October 1995, and (4) he failed to inform his employer that he was a convicted felon.[2] The court revoked Lominac's release and sentenced him to serve six months in prison followed by thirty months of additional supervised release. Because this was Lominac's second violation of supervised release,[3] the court found "that it [wa]s proper to depart upward" from the three— to nine-month imprisonment range suggested in the 1991 Guidelines by adding a new term of supervised release to a six-month prison sentence. *Cf.* U.S. Sentencing Guidelines Manual § 7B1.4(a) (1991) (nonbinding policy statement, adopted after Lominac's conviction, recommending imprisonment range of three to nine months for grade C supervised release·violation by defendant with category I criminal history).

Lominac, who appeared at the hearing pro se, objected to this sentence, saying "I don't think that I was originally convicted under the law you are sentencing me under.... I think that the subsection you are using ... to continue my supervised release ... was added on after I was originally convicted." The district court took Lominac's comment as an ex post facto challenge.

At the time Lominac committed his crimes, 18 U.S.C. § 3583(e) alone governed the sanction for violation of the conditions of supervised release. Once a violation was found,

the district court (after considering specified factors) could under this subsection:

> (1) terminate a term of supervised release and discharge the person released ...;

> (2) extend a term of supervised release if less than the maximum authorized term [defined by 18 U.S.C. § 3583(b) ] was previously imposed, and ... modify, reduce, or enlarge the conditions of supervised release ...;

> (3) revoke a term of ·supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for the time previously served on postrelease supervision ..., except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony; *or*

> (4) order the person to remain at his place of residence during nonworking hours....

18 U.S.C. § 3583(e)(1)-(5) (1988) (including technical amendments added in 1990) (emphasis added).[4] In *United States v. Cooper*, 962 F.2d 339 (4th Cir.1992), we rejected the argument that this subsection allows the imposition of both prison time and another term of supervised release. We found that "[s]ection 3583[ (e) ] is unambiguously written in the ·disjunctive, presenting the court with four discrete choices when it elects to modify or revoke a term of supervised release." *Id.* at 341. We added that "we must await congressional action, if any, for the addition of

---

2. "[D]istrict courts retain jurisdiction for a reasonable time after the period of supervised release expires in order to hold hearings on petitions relating to violations of the conditions of supervised release that were filed during the pendency of the term of supervised release." *United States v. Barton*, 26 F.3d 490, 492 (4th Cir.1994). *Cf.* 18 U.S.C. § 3583(i) (1994) (enacted in 1994 to codify this result). Therefore, even though Lominac's original term of supervised release ended before the hearing, the district court retained jurisdiction to revoke the original term of supervised release and to sentence Lominac for violating the conditions of his release.

3. Lominac was not sentenced to imprisonment under 18 U.S.C. § 3583(e)(3) for his first supervised release violation. *Cf. infra* note 10. Instead, the terms of his supervised release were modified.

4. Limited technical amendments in November 1990 did not make substantive changes to subsection (e). *Cf.* Crime Control Act of 1990, Pub.L. No. 101–647, § 3589(2), 104 Stat. 4789, 4930 (1990) (amending subsection). We therefore have reproduced the amended statute. *Cf. United States v. Cooper*, 962 F.2d 339, 340 (4th Cir.1992) (applying this amended statute to crime committed before August 1990).

flexibility to the provisions of section 3583(e)(3)." *Id.* at 342.

Congress acted on September 13, 1994, when it amended § 3583 by adding subsection (h). *See* Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, § 110505(3), 108 Stat. 1796, 2017 (1994). The new subsection provides:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (1994). This subsection does not overrule our decision in *Cooper*, which limits a court to only one of the four options under § 3583(e). However, if the sentencing court chooses the imprisonment option, subsection (h) gives the court the additional authority to impose a new term of supervised release to follow imprisonment.

The district court rejected Lominac's pro se argument that it was an ex post facto violation to use § 3583(h) to tack supervised release onto a prison term for violation of his release. In its analysis the district court first calculated the maximum punishment that Lominac could have received under § 3583(e), the only section applicable when he committed his underlying offenses. Because Lominac had been convicted of a Class C felony and a Class D felony, he could have been imprisoned for his release violations for not more than two years for each of these underlying felonies. *See* 18 U.S.C. § 3583(e)(3). Thus, the district court determined that Lominac's violations could have netted him a maximum penalty of four years in prison prior to the enactment of § 3583(h). The court concluded that "because [it had] imposed a six month term of confinement and a thirty month term of supervised re-

lease rather than imposing up to four years in prison, the [application of subsection (h)] worked to Defendant's advantage" and was not an ex post facto violation. Lominac now appeals with the assistance of counsel.

## II.

Article I of the United States Constitution provides that Congress shall not pass any "ex post facto Law." U.S. Const. art. I, § 9, cl. 3. "Although the Latin phrase '*ex post facto*' literally encompasses any law passed 'after the fact,' it has long been recognized ... that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990); *accord Kansas v. Hendricks,* —— U.S. ——, ——, 117 S.Ct. 2072, 2086, 138 L.Ed.2d 501 (1997) (clause "has been interpreted to pertain exclusively to penal statutes").

Lominac argues that the district court's application of § 3583(h) retroactively increased the punishment for his original crimes. This argument implicates the two "central concerns" behind the Ex Post Facto Clause, that is, " 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.' " *Lynce v. Mathis,* 519 U.S. 433, ——, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997) (quoting *Weaver v. Graham,* 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981)); *see also Hill v. Jackson,* 64 F.3d 163, 167 (4th Cir.1995) (purposes of clause are to require " 'fair warning' " and to " 'restrict[ ] governmental power by restraining arbitrary and potentially vindictive legislation' " (quoting *Weaver,* 450 U.S. at 28–29, 101 S.Ct. at 963–65) (alteration in original)).

■ Our ex post facto analysis involves a two-step inquiry. "To fall within the *ex post facto* prohibition, a law must [1] be retrospective ... and [2] it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing punishment for the crime." *Lynce,* 519 U.S. at ——, 117 S.Ct. at 896 (citations omitted); *accord California Dep't of Corrections v.*

*Morales,* 514 U.S. 499, 504, 115 S.Ct. 1597, 1600–01, 131 L.Ed.2d 588 (1995); *Collins,* 497 U.S. at 43, 110 S.Ct. at 2719–20 ("Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts."); *see also Weaver,* 450 U.S. at 29, 101 S.Ct. at 964. The two-step analysis follows.

## A.

■■■ "A law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987) (quoting *Weaver,* 450 U.S. at 31, 101 S.Ct. at 965–66); *see also Weaver,* 450 U.S. at 28, 30, 101 S.Ct. at 963–64, 965 (retrospectivity determined in reference to time that "act to be punished occurred"); *United States v. Parriett,* 974 F.2d 523, 526 (4th Cir.1992) (same). Because § 3583(h) became effective after Lominac committed his felonious acts, the subsection plainly appears to be a retrospective law as applied to him. The government argues, however, that the application of § 3583(h) to Lominac is not retrospective because "revocation of supervised release is not ordered as punishment for an initial crime, but [instead is] punishment for failure to comply with the conditions of supervised release." Government Br. at 5. Because Lominac violated the terms of his release after § 3583(h) was enacted, the government asserts that the sentence imposed does not change the legal consequences of acts completed before the effective date of the subsection. Thus, the government says, there is no violation of the prohibition against ex post facto laws. We disagree.

In *Fender v. Thompson,* 883 F.2d 303, 304 (4th Cir.1989), we were faced with an ex post facto challenge to a Virginia law providing that anyone "'sentenced to life imprisonment who escapes from a correctional facility or from any person in charge of his custody shall not be eligible for parole.'" Fender, who was serving a life sentence when the law was enacted, escaped from custody and subsequently pled guilty to one count of escape. After Fender received a three-year prison sentence for the independent crime of es-cape, the Virginia Department of Corrections invoked the new law, issuing an order that Fender was no longer eligible for parole on his life sentence. On habeas review, we rejected the Commonwealth's argument that the statute merely "enhanced punishment for the crime of 'escape.'" *Id.* at 306. Although the Commonwealth "could have enacted a pure 'recidivist' statute [that] enhanced the penalty for [the crime of] escape" itself, it chose not to do that. *Id.* at 307 n. 3. Because we concluded that the punishment of parole ineligibility was not attributable to the crime of escape, we held that the effect of the statutory change was to increase retroactively the punishment for Fender's prior crimes.

Later, in *United States v. Parriett,* 974 F.2d 523, 525–27 (4th Cir.1992), we addressed an argument identical to the one before us today in the context of an ex post facto challenge to 18 U.S.C. § 3583(g). Effective since December 1988, § 3583(g) provided that a term of supervised release must be revoked when a defendant is found to be in possession of a controlled substance while on release. *See* 18 U.S.C. § 3583(g) (1988) (amended 1994); 974 F.2d at 525. Although Parriett had committed the crimes for which he was imprisoned and placed on supervised release before § 3583(g) was enacted, he violated his release by using drugs after the section had taken effect. *See* 974 F.2d at 525. The district court revoked his release for this violation under the authority of § 3583(g), and Parriett appealed to us claiming that this sentence violated the Ex Post Facto Clause. We agreed, holding that because the "revocation of Parriett's supervised release was … ordered as punishment for his initial crimes," "the revision of the supervised release statute altered the legal consequences of Parriett's original crime[s]" and thus could not be used to sentence him. *See id.* at 526. We explicitly rejected the contention that § 3583(g) served only to punish the act of violating his release (which occurred after § 3583(g) had taken effect), even though we acknowledged that "Parriett was 'on notice' of the consequences of drug possession," *id.* at 527, when he committed the violation at issue. *See id.* at 526–27. We held that "while Congress is free to alter the punishment for possession of controlled sub-

stances [as an independent crime applicable to all persons], it cannot accomplish its goal by means of a '*post hoc* alteration of the punishment for an earlier offense.'" *Id.* at 526–27.

Our decision in *Parriett* completely forecloses the government's argument in this case. Because "punishment for violating the terms of supervised release is punishment for the original offense," *United States v. Woodrup,* 86 F.3d 359, 361 (4th Cir.) (citing *Parriett*), *cert. denied,* — U.S. —, 117 S.Ct. 332, 136 L.Ed.2d 245 (1996), Lominac's sentence under § 3583(h) for the violation of his release conditions cannot be characterized as punishment for new and independent infractions. Our own circuit precedent compels the conclusion that Lominac's sentence under § 3583(h) retroactively increases the punishment for his original offenses. Moreover, our position is in accord with that of the Second, Third, Seventh, and Ninth Circuits. *See United States v. Meeks,* 25 F.3d 1117, 1119–24 (2d Cir.1994); *United States v. Dozier,* 119 F.3d 239, 241 (3d Cir.1997); *United States v. Beals,* 87 F.3d 854, 858–60 (7th Cir.1996), *overruled in part on other grounds by United States v. Withers,* 128 F.3d 1167, 1170–72 (7th Cir.1997); *United States v. Collins,* 118 F.3d 1394, 1397 (9th Cir.1997).[5] Because the application of § 3583(h) to Lominac is retrospective, we now consider whether this application "disadvantaged" him.

### B.

▮ The focus in the second step of the inquiry "is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' ... but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *California Dep't of Corrections v. Morales,* 514 U.S. 499, 506 n. 3, 115 S.Ct. 1597, 1602 n. 3, 131 L.Ed.2d 588 (1995). There is no claim here that § 3583(h) changed the definition of any offense. Thus, Lominac's sentence violates the

Ex Post Facto Clause only if the use of § 3583(h) disadvantaged him by increasing the punishment he could have received for his crimes.

The government argues that the district court properly concluded that Lominac was not disadvantaged by an increase in punishment. The government says that Lominac could have received a four-year prison sentence under the old scheme, which would have restrained his liberty for a period longer than the sentence he actually received (six months of imprisonment and thirty months of release). The government adds that § 3583(h) worked to Lominac's advantage because it gave the district court the flexibility to fashion a sanction with a shorter jail term to be followed by a longer term of supervised release. This flexibility allowed the court to give Lominac a more lenient sentence that could be amplified later with additional prison or release time if he violated his release once again.

▮ The government's analysis, however, must be rejected. "[O]ne is not barred from challenging a change in the penal code on *ex post facto* grounds simply because the sentence he received under the new law was not more onerous than that which he might have received under the old." *Dobbert v. Florida,* 432 U.S. 282, 300, 97 S.Ct. 2290, 2301–02, 53 L.Ed.2d 344 (1977); *accord Miller v. Florida,* 482 U.S. 423, 432, 107 S.Ct. 2446, 2452, 96 L.Ed.2d 351 (1987). Because "the *Ex Post Facto* Clause looks to the standard of punishment prescribed by the statute, rather than to the sentence actually imposed ... an increase in the *possible* penalty is *ex post facto* regardless of the length of the sentence actually imposed...." *Lindsey v. Washington,* 301 U.S. 397, 401, 57 S.Ct. 797, 799, 81 L.Ed. 1182 (1937) (citations omitted) (emphasis added); *see also Morales,* 514 U.S. at 510 n. 6, 115 S.Ct. at 1603 n. 6 (defendant need not "show[ ] that he would have been sentenced to a lesser term under

---

**5.** We recognize that the Sixth Circuit takes a different view. *See United States v. Page,* 131 F.3d 1173, 1175–76 (6th Cir.1997) (applying reasoning of *United States v. Reese,* 71 F.3d 582, 585–91 (6th Cir.1995), to ex post facto challenge to § 3583(h)). However, that circuit stands alone in ruling that a sentence imposed for violation of supervised release is not retrospective punishment if the statute authorizing the sentence becomes effective before the release violation is committed.

the measure or range of punishments in place under the previous statutory scheme"); *Weaver v. Graham*, 450 U.S..24, 33, 101 S.Ct. 960, 966–67, 67 L.Ed.2d 17 (1981) ("The inquiry looks to the challenged provision, and not to any special circumstances that may mitigate its effect on the particular individual."); *United States v. Dozier*, 119 F.3d 239, 243 (3d Cir.1997) ("[Section] 3583(h) violates the ex post facto prohibition if there is the potential that such application may even once result in a harsher sentence than previously authorized. The possibility that post 3583(h) sentences may frequently be less onerous than otherwise is insufficient to redeem the statute."). *Cf. Dobbert*, 432 U.S. at 294, 97 S.Ct. at 2298–99 ("We must compare the two statutory procedures *in toto* to determine if the new may be fairly characterized as more onerous."). Thus, the government's point that Lominac's actual sentence was shorter than that possible under the old law and that the district court had the added flexibility to shorten the jail term and substitute time on supervised release does not answer the question before us.[6]

Instead, we must decide whether the overall effect of § 3583(h) disadvantaged Lominac by increasing the punishment he could have received for his crimes. As a preliminary matter, we must determine whether § 3583(h) changed the law by allowing a court to sentence a defendant to both imprisonment and a new term of supervised release. In *United States v. Cooper*, 962 F.2d 339 (4th Cir.1992), we held that § 3583(e) did not allow a court to impose both jail time and a new term of supervised release. It is therefore clear that § 3583(h) changed the law in this circuit.[7]

Before subsection (h) was enacted, this circuit read § 3583(e) to allow a court, when sentencing for a violation of supervised release, to impose either imprisonment or extend the term of supervised release, but not both. *See* 18 U.S.C. § 3583(e)(2) & (3) (1988); *Cooper*, 962 F.2d at 341–42. If the court chose the option of imprisonment, the maximum term available would vary depending on the severity of the offense that resulted in the defendant's original sentence of supervised release, and no credit was given for time previously served on supervised release. *See* 18 U.S.C. § 3583(e)(3) (1988). For Class A, B, C, D, and E felonies, the maximum prison term was (and is) five, three, two, two, and one year, respectively. *See* 18 U.S.C. § 3583(b) & (e)(3) (1988). On the other hand, if the court elected to increase the length of the term of supervised release under § 3583(e)(2), it could extend the total length up to five, five, three, three, or one year for Class A, B, C, D, or E felonies, respectively, if less than the maximum had already been imposed. *See* 18 U.S.C. § 3583(b) & (e)(2) (1988). Because this option only authorizes "extend[ing]" the term of supervised release, a defendant is

---

**6.** Because the question here is whether § 3583(h) increases the authorized sentence that Lominac may receive, this case is not governed by the line of cases concerning procedural changes that pose a risk of increasing the punishment for a crime. *See Morales*, 514 U.S. at 505, 507–08, 115 S.Ct. at 1601, 1602–03 (distinguishing between legislative changes that "alter[ ] the substantive 'formula' used to calculate the applicable sentencing range" and those which merely alter procedures used in determining punishment). New procedural provisions are held to be unconstitutional only when they pose a "sufficient risk of increasing the measure of punishment." *Id.* at 509, 115 S.Ct. at 1603. *See, e.g., id.* (declining to define standard of "sufficient risk" but holding that statutory change in timing of parole eligibility hearings did not violate Ex Post Facto Clause under any standard since statute "create[d] only the most speculative and attenuated risk of increasing the measure of punishment"); *Roller v. Gunn*, 107 F.3d 227, 234–37 (4th Cir.1997) (following *Morales* and finding no

violation in similar statute); *Hill v. Jackson*, 64 F.3d 163, 167–70 (4th Cir.1995) (same).

**7.** In circuits that had previously interpreted § 3583(e) to authorize both imprisonment and supervised release, § 3583(h) did not change prior law and hence could not disadvantage defendants in violation of the Ex Post Facto Clause. *See, e.g., United States v. Wash*, No. 95–4156, 1996 WL 536563 (10th Cir. Sept.23, 1996) (ruling that application of § 3583(h) was not ex post facto because at time defendant committed offense, law of circuit was that district court could impose both imprisonment and supervised release for violation of prior supervised release); *United States v. St. John*, 92 F.3d 761, 764–67 (8th Cir.1996) (finding no ex post facto violation because penalty under § 3583(h) was same or less than that under prior law of circuit). *Cf. United States v. O'Neil*, 11 F.3d 292 (1st Cir. 1993) (construing § 3583(e) to permit supervised release following imprisonment).

given credit for time already served on this term of release. *See id.* § 3583(e)(2). Both of these options are summarized in tabular form below.

| Class of Felony | Length of prison term for violating condition of release, § 3583(b) & (e) | Length of total term of supervised release, § 3583(b) & (e)(3) |
| --- | --- | --- |
| Class A | Up to 5 years | Up to 5 years |
| Class B | Up to 3 years | Up to 5 years |
| Class C, D | Up to 2 years | Up to 3 years |
| Class E (and misdemeanors) | Up to 1 year | Up to 1 year |

Accordingly, under § 3583(e) a person convicted of a Class C or D felony could have faced up to two years of prison or an extension of his supervised release term up to the three-year maximum for each felony. Because Lominac had already served three years of concurrent supervised release on his Class C and D felonies by the time he was sentenced for violating his release, only the option of a prison term with a two-year cap (for each felony) would have been available to the court under the old scheme.

In contrast, the newly-enacted § 3583(h) empowers a court to do much more. In addition to allowing a court to sentence a defendant to virtually the same term of imprisonment as above, it provides that a new term of supervised release may also be imposed. *See* 18 U.S.C. § 3583(b), (e)(3) & (h)

**8.** Subsection (h) allows a term of supervised release to be included after imprisonment when "less than the maximum term of imprisonment authorized under subsection (e)(3)" is imposed. As a result, a sentence under subsection (h) can include supervised release if the prison term is merely one day less than the maximum term.

**9.** This analysis applies with equal force to Class B, C, and D felonies because of the difference between the amount of prison time that can be imposed under § 3583(e)(3) and the maximum period of supervised release authorized by § 3583(b). *See Dozier,* 119 F.3d at 243–44. The table above illustrates this difference. However, for Class A and E felonies as well as for misdemeanors, there is no such disparity, and the application of § 3583(h) cannot disadvantage defendants guilty of these crimes by increasing the possible sanction imposed after a *single* revocation of supervised release. *Cf. infra* note 10 (discussing multiple revocations). Accordingly, the government's reliance on *United States v. Brady,* 88 F.3d 225, 228 (3d Cir.1996) (finding no ex post facto violation in context of Class A felony), *cert. denied,* —— U.S. ——, 117 S.Ct. 773, 136 L.Ed.2d 718 (1997), is misplaced. *See Dozier,* 119 F.3d at 242 n. 2, 243–44 (limiting *Brady's* holding to Class A felonies and declining in foot-

(1994). The length of this new supervised release term is capped at the maximum term of supervised release allowed by § 3583(b) for the original crime with credit given for any prison time imposed under § 3583(e)(3). *See id.* § 3583(h). Therefore, the maximum penalty for violating the terms of one's release under § 3583(e)(3) and (h) is, for Class C and D felonies, two years (less one day) in prison and an additional year and a day of supervised release.[8]

This potential punishment is greater than that under § 3583(e) alone. While Lominac only faced two years of prison on each crime when § 3583(e) stood by itself, § 3583(h) exposed him to this same penalty (less one day) plus an additional year and a day of supervised release. Likewise, even if Lominac's supervised release could have been extended under § 3583(e) alone, a three-year total term of release would clearly be less onerous than two new years (less one day) of prison and a new year and a day of release authorized by § 3583(h). *See United States v. Dozier,* 119 F.3d 239, 241–44 (3d Cir.1997) (reaching same conclusion and ruling that application of § 3583(h) violated Ex Post Facto Clause); *United States v. Collins,* 118 F.3d 1394, 1397 (9th Cir.1997) (same).[9]

note 2 to rule on ground that would have effect of overruling *Brady's* holding).

While the Seventh Circuit's decision in *United States v. Withers,* 128 F.3d 1167, 1170 (7th Cir. 1997), does support the government's position, we believe that circuit erred in holding that the application of § 3583(h) did not increase Withers's authorized punishment. *Withers* relied heavily on the reasoning of *Brady* in concluding that "the defendant is subject to the same total amount of restraint" under § 3583(h) and that the subsection "simply permits a court to fill this time with a mixed sentence of imprisonment and supervised release rather than a sentence consisting solely of imprisonment." *Id.* However, unlike Brady, Withers was not convicted of a Class A felony. *Cf.* 18 U.S.C. § 3559(a)(1) (defining Class A felony) *with* 21 U.S.C. § 841(b)(1)(A) (imposing mandatory minimum of ten years of imprisonment for Class A conviction under § 841 that does not involve death or serious bodily injury) *and United States v. Withers,* 972 F.2d 837, 840–41 (7th Cir.1992) (noting that Withers's sentence of eighty months of prison and five years of supervised release was imposed for conviction under 21 U.S.C. § 841(a)(1)). Because Withers was convicted of a Class B or C felony, § 3583(h) did not merely allow a mix of prison

We therefore hold that the retrospective application of § 3583(h) disadvantaged Lominac by increasing the total amount of time that his liberty could be restrained in violation of the Ex Post Facto Clause.[10]

### III.

■ The usual remedy for an ex post facto violation in sentencing is a remand for resentencing under the law in place at the time the defendant committed his crime. *See Weaver v. Graham*, 450 U.S. 24, 36 n. 22, 101 S.Ct. 960, 968 n. 22, 67 L.Ed.2d 17 (1981); *see also United States v. Dozier*, 119 F.3d 239, 244, 245 (3d Cir.1997) (remanding for resentencing and noting possibility of increase in sentence); *United States v. McGee*, 981 F.2d 271, 276 (7th Cir.1992) (remanding and noting that defendant had "won a pyrrhic victory" because of possibility of longer prison sentence on remand). *But see United States v. Collins*, 118 F.3d 1394, 1399 (9th Cir.1997)

(vacating supervised release portion of sentence); *United States v. Beals*, 87 F.3d 854, 860 (7th Cir.1996) (remanding for district court to eliminate new term of supervised release), *overruled in part on other grounds by United States v. Withers*, 128 F.3d 1167, 1170–72 (7th Cir.1997). Lominac, however, took the position at oral argument that the proper remedy is an outright discharge. We disagree.

While *North Carolina v. Pearce*, 395 U.S. 711, 723–26, 89 S.Ct. 2072, 2079–81, 23 L.Ed.2d 656 (1969), *modified in part, Alabama v. Smith*, 490 U.S. 794, 798–802, 109 S.Ct. 2201, 2204–2206, 104 L.Ed.2d 865 (1989), and subsequent cases, *see, e.g., Alabama v. Smith, supra; Texas v. McCullough*, 475 U.S. 134, 137–44, 106 S.Ct. 976, 978–82, 89 L.Ed.2d 104 (1986); *Chaffin v. Stynchcombe*, 412 U.S. 17, 24–28, 93 S.Ct. 1977, 1981–83, 36 L.Ed.2d 714 (1973); *United States v. Kincaid*, 964 F.2d 325, 328 (4th

and release to be substituted for an equal amount of prison. It did much more.

For Class B, C, and D felonies the amount of prison allowed under § 3583(e)(3) alone is less than the total term of restraint allowed by § 3583(h). This is because subsection (h) permits an additional term of supervised release to be tacked on to virtually the same amount of imprisonment that could be imposed under § 3583(e)(3) by itself. *See supra* at 314–15. This additional penalty is two years of supervised release for a Class B felony and one year for Class C and D felonies. In this way § 3583(h) clearly increases the punishment authorized after a release violation.

Likewise, if one compares subsection (h) to the option of extending a term of supervised release under § 3583(e)(2), subsection (h) still increases the amount of authorized punishment. *Withers* is partially correct in stating that "the defendant is subject to the same total amount of restraint" under § 3583(h) because the total duration of the mixed punishment under that subsection is equal to the maximum total term of supervised release under § 3583(b) and (e)(2). *See id.* However, even though the total time of punishment may remain the same, the prison and supervised release mix allowed by § 3583(h) is clearly more onerous than a sentence of the same total length on just supervised release. No matter how it is cut, section 3583(h) increases the punishment authorized after violations of supervised release when the underlying crime is a Class B, C, or D felony.

Because the *Withers* decision incorrectly interpreted the impact of § 3583(h) on the statutory

scheme, we believe it erred in failing to find an ex post facto violation.

**10.** In addition to the disadvantage discussed above, Lominac argues that the application of § 3583(h) further disadvantages him because the reimposition of supervised release after a prison term opens the possibility that this new term of supervised release might be revoked in the future, resulting in another sentence of prison and supervised release. This and other subsequent terms of supervised release also will be subject to revocation, and because defendants are not given credit for time previously served on (revoked) supervised release, *see* 18 U.S.C. § 3583(e)(3) & (h), the total duration of subsequent periods of supervised release is theoretically without limit. *See United States v. Collins*, 118 F.3d 1394, 1397–98 (9th Cir.1997) (interpreting § 3583(h) in this manner to find ex post facto violation and following reasoning of *United States v. Beals*, 87 F.3d 854, 857–58 (7th Cir.1996), *overruled in part by United States v. Withers*, 128 F.3d 1167, 1170–72 (7th Cir.1997)); *cf. supra* note 6 (acknowledging that *Morales* does not govern situations where sentencing authority has been increased). *But see Withers, supra* at 1170–72 (explicitly overruling *Beals* in part by holding that risk of this possible future increase in punishment is too speculative in some circumstances to constitute ex post facto violation under *Morales*); *id.* 1172 n. 5, 1172–73 (Wood, J., concurring in denial of rehearing en banc). Because we have concluded that the initial application of § 3583(h) to Lominac violates the Ex Post Facto Clause, we have no occasion to address his argument about future possibilities. *Cf. Dozier*, 119 F.3d at 242 n. 2 (declining to reach same issue).

Cir.1992), make it clear that a district court cannot vindictively impose a higher sentence on remand, it is equally clear that a higher sentence may sometimes be justified. Thus, *Pearce* did not eliminate the risk that "a fresh sentence may be higher for some valid reason associated with the need for flexibility and discretion in the sentencing process." *Chaffin,* 412 U.S. at 25, 93 S.Ct. at 1982; *accord Alabama v. Smith,* 490 U.S. at 799, 109 S.Ct. at 2204–05; *see also Safrit v. Garrison,* 623 F.2d 330, 332 (4th Cir.1980) ("a void or illegal sentence may be corrected, even though the correction may result in an increase in the sentence").

When the district court sentenced Lominac to six months in prison and thirty months of supervised release for his release violation, the court said it was departing upward from the three to nine months of imprisonment recommended in the Guidelines. Had the court recognized that it lacked authority to impose the new term of supervised release, it might have validly concluded that a prison term of longer than six months was appropriate.[11] · For this reason, we will remand for resentencing.

On remand, however, any prison time that Lominac receives under a resentence must be reduced by the time he has already served for violating his release, that is, his six months in prison and the time he has served under the (new) unconstitutional term of supervised release. Under 18 U.S.C. § 3585(b)(1) (1994), the Attorney General, through the Bureau of Prisons, is required to credit Lominac for the six months imprisonment served for his violation. *See United States v. Wilson,* 503 U.S. 329, 333, 112 S.Ct. 1351, 1353–54, 117 L.Ed.2d 593 (1992) (district court not authorized by § 3585(b) to compute credit for time spent in official detention at sentencing). Unlike prison time, though, time served on supervised release cannot be credited under this section because supervised release is not "official detention" which may be credited under § 3585(b). *See* 18 U.S.C. § 3585(b); · *United States v. Insley,* 927 F.2d 185, 186–87 (4th Cir.1991); *see also*

*id.* at 186 (noting that § 3583 replaced 18 U.S.C. § 3568 and construing "official detention" in § 3583(b) to have same meaning as "custody" in § 3568); *Randall v. Whelan,* 938 F.2d 522, 524–26 (4th Cir.1991) (rejecting argument that release conditions may be sufficiently restrictive so as to constitute "custody" and holding that release on conditional bond into residential drug treatment center is not "custody" under 18 U.S.C. § 3568). Because the Attorney General, under the statutory framework, cannot credit Lominac for time served on the unconstitutional term of supervised release, the district court on remand will ·give Lominac credit for that time against any new prison·sentence.

■ This result is mandated by the Double Jeopardy Clause. The Supreme Court has held that after a conviction is reversed, the Fifth Amendment's guarantee against double jeopardy "absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon ·a new conviction for the same offense." *Pearce,* 395 U.S. at 718–19, 89 S.Ct. at 2077–78 (footnote omitted); *see also Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984); *Wilson v. North Carolina,* 438 F.2d 284, 286–87 (4th Cir.1971). Because the interest protected by the Double Jeopardy Clause's prohibition against multiple punishments for the same offense " 'ensur[es] that the total punishment d[oes] not exceed that authorized by the legislature,' " *Jones v. Thomas,* 491 U.S. 376, 381, 109 S.Ct. 2522, 2525–26, 105 L.Ed.2d 322 (1989), credit must be given not only when a defendant is resentenced following a new conviction but also when he is resentenced after a successful challenge to his original sentence. *See United States v. McMillen,* 917 F.2d 773, 777 (3d Cir.1990) (credit for time served on probation must be " 'fully "credited" ' " on remand from government's successful appeal of sentence). Otherwise, the cumulative punishment imposed on the defendant could exceed those restraints on his liberty that are authorized by the law.

---

**11.** As discussed above, the option of extending Lominac's term of supervised release was not available to the district court because he had already served the three-year maximum term of supervised release allowed under § 3583(b) and (e)(2). *See supra* at 315.

This applies for both imprisonment as well as for supervised release. Because supervised release is punishment, *see Dozier*, 119 F.3d at 242; *United States v. Soto–Olivas*, 44 F.3d 788, 790 (9th Cir.), *cert. denied*, 515 U.S. 1127, 115 S.Ct. 2289, 132 L.Ed.2d 290 (1995); *Meeks*, 25 F.3d at 1121–22, *Pearce* requires that it must be "fully 'credited' " against Lominac's new sentence. Any other holding would have the effect of nullifying the guarantee against ex post facto laws by allowing Lominac's total punishment to exceed that originally authorized when he committed his crimes.[12]

Finally, in deciding to remand, we have considered whether Lominac has served all the time that he is legally required to serve. While the Supreme Court's decision in *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943), lends some support to the argument that he has, we believe *Bradley* is distinguishable. In *Bradley* the trial court was authorized to impose only imprisonment or a fine for the crime of contempt, but it erroneously sentenced the defendant to both six months in prison and a $500 fine. Before the sentencing court discovered its error and amended its sentence to eliminate the fine, the defendant paid the fine and was delivered into custody. The Supreme Court concluded that by paying the fine, the defendant "had complied with a portion of the sentence which could lawfully have been imposed." *Id.* at 52, 63 S.Ct. at 471. Thus, because "one valid alternative provision of the original sentence ha[d] been satisfied," *id.*, the defendant was released from custody. *See also United States ex rel. Kanawha Coal Operators Ass'n v. Miller*, 540 F.2d 1213, 1214 (4th Cir.1976) (following *Bradley*).

Much like *Bradley*, Lominac was sentenced to two forms of punishment even though the applicable statute did not authorize the court to impose one of those forms. And because Lominac has served the six months in prison, he arguably has satisfied "one valid alternative provision of the original sentence" and, hence, should be released. However, as the Supreme Court explained in *Jones v. Thomas*, 491 U.S. 376, 384, 109 S.Ct. 2522, 2527, 105 L.Ed.2d 322 (1989), the "alternative sentences in *Bradley* ... were of a different type," and it simply was not "possible to 'credit' a fine against time in prison." While imprisonment and supervised release are clearly "different type[s]" of punishment, it is possible to credit Lominac's time served on supervised release against any time to be served in prison. Unlike the monetary sanction of a fine, which cannot be converted into an equivalent temporal sanction, Lominac's term of supervised release restrained his liberty for a known period of time that can be credited against any future sentence of imprisonment. Accordingly, *Bradley* does not bar resentencing.

Lominac's sentence for violation of supervised release is vacated, and the case is remanded for resentencing in conformity with this opinion.

*VACATED AND REMANDED.*

WIDENER, Circuit Judge, concurring and dissenting:

I concur in all of the opinion through and including Part II, but as to Part III, I respectfully dissent.

I see no meaningful distinction between *Ex Parte Lange*, 18 Wall. 163, 21 L.Ed. 872 (1873), and *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943), and the present case. Lominac was sentenced to a dual sentence when only one or the other form of

---

**12.** The provision of 18 U.S.C. § 3583(e)(3) which states that a term of imprisonment for violations of supervised release shall be imposed "without credit for time previously served on postrelease supervision" does not apply in this case. That provision simply ensures that a defendant is not given credit for a term of supervised release when he violates the conditions of that same release. *Cf. Willis v. Meier*, 435 F.2d 852, 853–54 (9th Cir.1970) (per curiam) (no *Pearce* credit against sentence for violated parole). Lominac is in a very different situation. If a term of imprisonment is imposed on resentencing, it will be imposed not because Lominac's unconstitutional term of supervised release has been revoked but instead because his punishment went outside that which the sentencing court had the authority to impose.

Additionally, this case is unlike those in which a defendant is released on a conditional bond pending trial or an appeal. Those situations do not involve punishment for an offense, and thus the Fifth Amendment does not require that time on bond be credited.

punishment was authorized under the statute. When Lominac completed the imprisonment portion of the dual sentence, the power vested in the court with regard to punishment was extinguished, *In re Bradley,* 318 U.S. at 52, 63 S.Ct. at 470–71, *Ex Parte Lange,* 18 Wall. at 176, 21 L.Ed. 872. Consequently, the supervised release portion of the dual sentence was invalid. Additionally, although supervised release is punishment, *United States v. Dozier,* 119 F.3d 239, 242 (3rd Cir.1997), it cannot be credited against prison time any more than payment of a fine, also a form of punishment, can be credited against prison time.