**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                            No. 96-7860

HOWARD JEFF BROWN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-92-88)

Submitted: May 29, 1998

Decided: June 22, 1998

Before LUTTIG and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Howard Jeff Brown, Appellant Pro Se. Charles Dee Griffith, Jr.,
OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Howard Jeff Brown appeals the district court's order denying his Motion to Correct District Court Error in Imposing a New Term of Supervised Release. Finding that the district court's application of 18 U.S.C. § 3583(h) (1994) to Brown did not violate the Ex Post Facto Clause, we affirm the decision of the district court.

Brown pleaded guilty to conspiracy to distribute and to possess with intent to distribute over five kilograms of cocaine and over fifty grams of crack cocaine, in violation of 21 U.S.C§ 846 (1994) (Class A felony). In December 1992, the court sentenced him to seventy-two months' imprisonment, awarded him credit for forty-seven months already served, and imposed a five-year term of supervised release, which commenced on July 22, 1994. In May 1995, the court found that Brown had violated the terms of his supervised release and therefore revoked the original term of supervised release and ordered him to serve twenty-four months' imprisonment, followed by a three-year term of supervised release.

Brown filed a Motion to Correct District Court Error in Imposing a New Term of Supervised Release, Not Authorized by Statute. The district court denied the motion, finding that the amendment to 18 U.S.C. § 3583(h) authorized the court to reimpose supervised release after revocation of the original term of supervised release. Brown timely appeals, contending that the district court did not have the authority to impose a new term of supervised release after the revocation of his original term and that application of§ 3583(h) to his sentence violates the Ex Post Facto Clause.

A law violates the Ex Post Facto Clause if it is (1) retrospective and (2) disadvantages the offender by altering the definition of the criminal conduct or increasing the punishment for the crime. Brown does not claim the new law alters the definition of the crime. Thus, Brown's sentence can only violate the Ex Post Facto Clause if it increases the penalty he could have received for his crimes. We find that the district court's application of the amendment to § 3583(h) to Brown did not violate the Ex Post Facto Clause. The amendment

2

authorizing the reimposition of a term of supervised release after a revocation of the original term and an imposition of a term of imprisonment did not increase the punishment that Brown could have received for his crime and therefore did not disadvantage him. See United States v. Lominac, No. 96-4282, 1998 WL 230576, at 6, 10 n.9 (4th Cir. May 11, 1998).

Because Brown was convicted of a Class A felony under the law prior to § 3583(h), Brown could have been sentenced to up to five years of imprisonment for violating his supervised release terms. 18 U.S.C. § 3583(e)(3). After § 3583(h)'s enactment, Brown's sentence for violating his supervised release could have been composed of imprisonment or supervised release, but the two combined could not have exceeded five years. 18 U.S.C. § 3583(h). Since the amount of time Brown could have been sentenced to under § 3583(e)(3) was not increased by § 3583(h), Brown was not disadvantaged by the law. Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3