**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 98-4289

LEWIS BRACKETT FRYE, SR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-97-69)

Submitted: August 31, 1998

Decided: September 21, 1998

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John N. Dalton, Jr., DALTON & MOORE, P.C., Radford, Virginia,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Anthony
P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lewis Brackett Frye, Sr., appeals from his conviction on one count of possession of a firearm after a misdemeanor conviction for domestic violence, see 18 U.S.C.A. § 922(g)(9) (West Supp. 1998). We find no merit to his claims; consequently, we affirm.

In 1994, Frye was convicted in Virginia state court of misdemeanor assault and battery against his wife. Nearly three years later, in February 1997 when police officers were questioning Frye about a complaint by his ex-girlfriend that he was harassing her, Frye admitted that he had a gun. The officers searched his car and found a loaded Bryco Arms .380 caliber pistol. A grand jury indicted Frye on one count of violating § 922(g)(9). Frye entered a conditional guilty plea, reserving the right to raise on appeal challenges to the district court's holdings that § 922(g)(9) does not violate the ex post facto clause and that scienter is not an element of the offense. The court sentenced him to one year of probation and, as a condition of probation, to six months in home detention.

Frye first claims on appeal that, because his domestic violence conviction predates the effective date of § 922(g)(9), his conviction violates the ex post facto clause under Article 1, Section 9, clause 3 of the United States Constitution. To violate the ex post facto clause, a law must (1) be retrospective and (2) disadvantage a defendant by changing the definition of criminal conduct or increasing the punishment for a crime. A law is retrospective if it changes the legal consequences of acts completed before the law's effective date. See United States v. Lominac, 144 F.3d 308, 311-12 (4th Cir. 1998). We find that Frye's conviction does not violate the ex post facto clause because the illegal act, possession of a firearm by Frye after his misdemeanor domestic violence conviction, was not completed until 1997, long after the statute went into effect in September 1994.

Next, Frye argues that the government must prove scienter in order to convict him under § 922(g)(9). The government is not required to show that the defendant knew that the law prohibited him from possessing a firearm in order to obtain a conviction under § 922(g)(1).

2

See United States v. Langley, 62 F.3d 602, 604 (4th Cir. 1995) (no scienter element for felon in possession of a firearm conviction under § 922(g)(1)). Frye has failed to show why the government should prove scienter under § 922(g)(9) where a defendant has a prior misdemeanor domestic violence conviction when no such proof is required for prosecutions under § 922(g)(1).

For these reasons, we affirm Frye's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED