UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4803

DAYNA R. PATRICK LAYMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-95-65-R)

Submitted: September 8, 1998

Decided: October 6, 1998

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

John E. Lichtenstein, Charles M. Smith, Jr., LICHTENSTEIN &
FISHWICK, P.L.C., Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Joseph W. H. Mott, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dayna Patrick Layman appeals from her sentence for conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. § 846 (1994). For the following reasons, we vacate the district court's order and remand for resentencing.

In December 1995, Layman pled guilty to the charged offense. At Layman's first sentencing hearing on May 17, 1996, the district court determined that her guideline range was six to twelve months imprisonment and orally pronounced her sentence as nine months imprisonment followed by thirty-six months supervised release and a special assessment. No written order of conviction was filed at that time. The district court resentenced Layman twice with the final sentence being thirty-six months probation, with nine months of home detention as a condition of that probation. See USSG§ 5C1.1(c)(3).* On June 5, 1996, the district judge signed the written Judgment in a Criminal Case reflecting the proceedings on June 4, 1996.

The Government appealed the sentence, seeking imposition of the original sentence orally pronounced on May 17, 1996. In July 1996, the Government moved to stay the sentence of home detention pending appeal. Layman opposed the motion and the district court denied it in September 1996. Layman completed service of her sentence of home detention before the Government's appeal was decided by this court. The only question presented on appeal was whether the district court had authority to modify Layman's sentence after it had been orally pronounced on May 17, 1996. See United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997), cert. denied , ___ U.S. ___, 66 U.S.L.W. 3308 (U.S. Feb. 23, 1998) (No. 97-698).

On June 24, 1997, this court held that Layman's sentence was imposed for purposes of Fed. R. Crim. P. 35 when the district judge orally pronounced the sentence on May 17, 1996. See id. This court vacated Layman's sentence and remanded with instructions to impose

_____

*U.S. Sentencing Guidelines Manual (1995).

2

the sentence orally pronounced at the May 17 sentencing hearing. See id. at 109.

Pursuant to the remand, Layman was resentenced in September 1997 to nine months imprisonment followed by thirty-six months supervised release. Layman moved to stay the imposition of the sentence to which the Government objected. The district court stayed the imposition of the sentence pending the anticipated appeal. Layman timely appealed.

On appeal, Layman contends that she has completed service of a term of confinement authorized pursuant to the statute under which she was convicted and execution of the sentence of nine months imprisonment violates the Double Jeopardy Clause. We disagree.

As we held when considering the Government's appeal, the district court did not have authority to modify Layman's sentence, except for the reasons enunciated in Rule 35, after sentence was orally pronounced in open court. See id. at 110. We adhere to that holding.

However, upon remand, the district court should have credited Layman with the time she served on probation, including her time on home detention. See United States v. Lominac, 144 F.3d 308, 317 (4th Cir. 1998); United States v. McMillen, 917 F.2d 773, 777 (3d Cir. 1990). In Lominac, the district court sentenced the defendant to six months imprisonment for violating his supervised release conditions and tacked on a thirty-month term of supervised release based on 18 U.S.C. § 3583(h) (1994), which was enacted after the defendant committed his original offenses. See Lominac, 144 F.3d at 310-11. This court held that the retrospective application of§ 3583(h) violated the Ex Post Facto Clause and remanded for resentencing under the law in place at the time the defendant committed his offense. See id. at 316. This court noted that, although a district court cannot vindictively impose a higher sentence on remand, it can impose a higher sentence and any sentence the defendant receives on resentencing must be reduced by the time he has already served for violating his supervised release. See id. at 317.

Under 18 U.S.C. § 3585(b)(1) (1994), the Attorney General, through the Bureau of Prisons, credits a defendant for the time served

3

in prison. See United States v. Wilson, 503 U.S. 329, 333 (1992). However, probation cannot be credited under § 3585 because it is not "official detention," which may be credited under this section. See United States v. Insley, 927 F.2d 185, 186-87 (4th Cir. 1991). Because the Attorney General cannot credit Layman for the time served on probation, the district court must give Layman credit for that time against any new prison sentence. See Lominac, 144 F.3d at 317.

This result is mandated by the Double Jeopardy Clause because the interest behind the prohibition against multiple punishments for the same offense is to ensure that the total punishment exacted does not exceed that authorized by the legislature. See id. Thus, credit must be given not only when a defendant, such as Layman, is resentenced following a new conviction but also when he is resentenced after a successful challenge to his original sentence. See id. Otherwise, the cumulative punishment imposed on Layman could exceed those restraints on her liberty that are authorized by the law. See id. This rule applies to terms of supervised release as well as imprisonment because both are forms of punishment. See United States v. Dozier, 119 F.3d 239, 242 (3d Cir. 1997).

Lastly, in deciding to remand, we reject Layman's argument that she has served all the time that she is legally required to serve for the same reasons that we rejected the identical argument in Lominac. See Lominac, 144 F.3d at 318.

Accordingly, we vacate the order of the district court and remand for sentencing in conformity with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4