**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4871

EUNICE ARNETTA HARRIS SPARKS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4233

EUNICE ARNETTA HARRIS SPARKS,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-92-179)

Submitted: January 31, 2000

Decided: February 22, 2000

Before WILKINS and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eunice Arnetta Harris Sparks appeals the district court's order revoking her term of supervised release and imposing an active prison term of eleven months. Her attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), suggesting one ground for relief but concluding that there are no meritorious issues for appeal. Sparks has filed a pro se supplemental brief raising additional grounds for relief. We affirm.

I

Sparks pleaded guilty in 1994 to making a false bank loan application, in violation of 18 U.S.C.A. § 1014 (West Supp. 1999), and to false representation of social security numbers, in violation of 42 U.S.C.A. § 408(a)(7)(B) (West Supp. 1999). She was sentenced to fifty-two months in prison and a supervised release term of five years. Additionally, restitution of $6817.54 was ordered. Her supervision commenced on June 2, 1997. On July 31, 1998, her probation officer filed a petition with the district court stating that Sparks had violated two conditions of supervised release and that her term of supervision should accordingly be revoked.

Following a hearing at which Sparks admitted to the violations, the district court revoked her term of supervised release and imposed a prison term of eight months to be followed by an additional term of supervised release. Sparks appealed.**1** The government subsequently confessed error and moved to remand for resentencing because the second term of supervised release violated the rule of United States v. Lominac, 144 F.3d 308 (4th Cir. 1998). We granted the motion and remanded for resentencing.

The district court conducted a second hearing at which Sparks again admitted to violating two terms of supervised release. Specifically, although she was not to open any checking accounts without the approval of her probation officer, she added her name to a checking account of her husband's in April 1998. While she was supposed to be truthful when answering inquiries from her probation officer, she did not disclose in a financial statement submitted to him in March 1998 that she owned a vehicle. Further, in June 1998, Sparks answered her probation officer untruthfully when he asked her whether she had opened a checking account or written any checks since being on supervision.

In revoking Sparks' supervised release and imposing an eleven-month sentence, the district court took into account such factors as Sparks' criminal history, which included over eighty cases of writing bad checks; her previously lying to the court about her criminal record; her not having made significant progress in making court-ordered restitution; her dilatoriness in performing required community service; and the nature of the violations with which she presently was charged. The court concluded that a sentence of eleven months, which fell within the guideline range of eight to fourteen months, see U.S. Sentencing Guidelines Manual § 7B1.4(a)(1993), was appropriate. Sparks appeals from that decision.**2**

_____

**1** This appeal was docketed as No. 98-4871.

**2** The first appeal, No. 98-4871, has been consolidated with the second appeal, No. 99-4233.

3

II

A district court may revoke a term of supervised release and require the defendant to serve an active prison term after considering the factors set forth at 18 U.S.C.A. § 3553(a)(1)-(6) (West 1985 & Supp. 1999). See 18 U.S.C.A. § 3583(e)(3) (West 1985 & Supp. 1999). Counsel contends that the court abused its discretion by failing to give adequate consideration to the factors set forth in § 3553(a) before imposing sentence. We review the district court's decision to revoke supervised release and to impose a term of imprisonment for abuse of discretion. See United States v. Davis , 53 F.3d 638, 642-43 (4th Cir. 1995). Here, the court sufficiently addressed the § 3553(a) factors in sentencing Sparks. See id. ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

III

Sparks' pro se arguments on appeal have no merit. In light of her admission in open court that she violated the terms of supervised release, her claim that she was not guilty of the violations is not persuasive. Her assertion that the district court was biased is wholly conclusory. Sparks' claim that she is now seriously ill, suffering from the loss of vision in one eye and other maladies, and her explanation for her less than exemplary performance while on supervised release do not provide grounds for overturning the district court's decision.

IV

In accordance with Anders, we have reviewed the entire record in this case and find no reversible error. We therefore affirm the district court's order revoking Sparks' supervised release and imposing an eleven-month term of imprisonment. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client in writing of her right to petition the Supreme Court of the United States for further review. If Sparks requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

Counsel's motion must state that a copy thereof was served on Sparks. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5