# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2495

———————

United States of America,     *
                        *

      Appellee,       *
                        *    Appeal from the United States

    v.                     *    District Court for the Western
                        *    District of Missouri.

Lionel Johnson,            *
                        *

      Appellant.      *

———————

Submitted: January 10, 2005
Filed: August 12, 2005

———————

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

After revoking Lionel Johnson's supervised release, the district court[1] imposed a sentence within the range suggested by the sentencing guidelines, *see* U.S.S.G. § 7B1.4, and Mr. Johnson filed this appeal. Mr. Johnson then filed a motion in the district court asking it to grant him credit against his sentence for the time that he had spent in a halfway house during supervised release. The district court denied the motion.

———————

[1]The Honorable Dean Whipple, Chief Judge, United States District Court of the Western District of Missouri.

Mr. Johnson's counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court erred by not giving Mr. Johnson credit at sentencing for the time that he had spent at a halfway house during his supervised release. Mr. Johnson filed a *pro se* supplemental brief, in which he raises the same issue and asserts that he was subjected to significant restraints on his freedom while at the halfway house.

Under 18 U.S.C. § 3583(e)(3), a district court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release *without credit for time previously served on postrelease supervision*." (emphasis added). This provision "ensures that a defendant is not given credit for a term of supervised release when he violates the conditions of that same release," *United States v. Lominac*, 144 F.3d 308, 318 n.12 (4th Cir. 1998), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000), and thus we conclude that Mr. Johnson is not entitled to the credit he seeks.

We also note that 18 U.S.C. § 3585(b) is not available to provide Mr. Johnson with the relief that he seeks. Although it states that defendants should receive credit for any time that they spend in "official detention" before sentencing, 18 U.S.C. § 3585(b), any request for such credit must be addressed to the Bureau of Prisons in the first instance. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). It is evident to us, moreover, that § 3585(b) would not authorize the credit sought by Mr. Johnson because the Bureau of Prisons does not have control over a defendant during a period of supervised release, *see* 18 U.S.C. 3624(e), and therefore the defendant is not in "official detention" as that term is used in the statute. *Cf. Reno v. Koray*, 515 U.S. 50, 58-59 (1995).

Having carefully reviewed the record, we find no nonfrivolous issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____